be allowed to stand in the case ; and they may be looked into in determining what inferences and presumptions arise. (*Trustees* v. *Colgrove,* 4 *Hun,* 367, *and the cases cited in opinion of E. D. Smith, J.*) These views lead to the conclusion that the plaintiff is entitled to receive only $5,000 annuity, and she may have a provision inserted in the decree, if she shall serve a stipulation before entering the same, declaring her purpose to rely upon the codicil, or upon the agreement to enforce the payment of the annuity.

The decree must also preserve to the plaintiff the right to enforce the $500 rental covenant whenever she shall bring herself within its terms.

Inasmuch as the decree will settle her rights, and give her the right to enforce them, and establish the extent of the liability of the defendants as executors, the judgment may be entered by the plaintiff in accordance with the views herein expressed, with costs payable out of the estate in the hands of the executors, the defendants.

Judgment accordingly.

THE SAME *vs.* THE SAME.

ACTION to recover unpaid instalments of annuity.

HARDIN, J.  In this second action, the plaintiff is entitled to recover the unpaid instalments.

Courts of equity have jurisdiction to give such relief, even against executors and trustees. (1 *Story's Eq.*, § 593.  3 *Barb. Ch.*, 466.)

The evidence showed some funds in the hands of the executors, and they should therefore pay the sum past due to the plaintiff.

But the plaintiff, before entering the judgment, should

give the bond provided by the statute in such cases. The bond should be approved by a justice of this court, or a county judge, and filed, before the findings are signed and filed. There was no such bond tendered before suit brought, and therefore no costs will be recovered by the plaintiff, in this action.

Judgment for the plaintiff.

[ONONDAGA SPECIAL TERM, December 7, 1874. *Hardin,* Justice.]

THE PEOPLE *vs.* TWEED.

The writ of error is a writ of right, and issues as a matter of course, in cases of misdemeanor.

The direction for a stay of proceedings, on a writ of error, is not a matter of course, but rests in the sound judicial discretion of the officer allowing the writ.

When it appears that the points urged in support of an application for a stay of proceedings were raised upon the trial, and overruled by the judge presiding, as well as by another judge, upon a writ of *habeas corpus ;* that the prisoner has voluntarily allowed considerable delay, since the trial, without presenting his case to an appellate court for review; that no application for a stay has been made to the judge who presided at the trial, nor to any other judge of that district; and the application is finally made to a judge outside of the judicial district in which the trial took place; it is a proper exercise of discretion for the latter judge to refuse the stay, with leave to withdraw the application, and without prejudice to any further application to another officer.

THE defendant, by his counsel George F. Comstock, David Field and E. R. Bacon, has made application for a writ of error with a stay of proceedings, to be issued to the court of oyer and terminer of the city and county of New York. The application is based upon the error-book containing 1064 pages of printed matter, the printed bill of exceptions containing 778 pages, and upon printed and oral briefs, consisting of numerous pages, and a citation of numerous authori-